49   219
88   101

## J. A. DINKINS v. E. J. BOWERS.

1. MECHANIC'S LIEN.—This lien is purely a creature of the statute; dependent on that for its force, extent and remedy. The legislature intended that a party asserting the lien should speedily pursue his remedy. Our jurisprudence does not favor secret, tacit liens, of which parties dealing in respect of the subject matter may not have notice, or easy means of ascertaining their existence.

2. CODE 1871, SEC. 1609.—This statute does not continue the lien in favor of a mechanic, unless he brings his suit within six months after the money is due, Hence, if suit is not brought within that time, he will be taken as having abandoned his lien, and is content to rely upon the personal responsibility of the defendant.

3. STATUTE OF LIMITATIONS—WHEN IT COMMENCES.—If a personal action, is the original suit; although the plaintiff may amend so as to obtain the benefit of the law, such amendment will be the begining of the suit to enforce the lien; and not the institution of the original action, and the statutes of limitation will commence to run from the time the amendment was made,

Error to the circuit court of Madison county. Hon. W. B. CUNNINGHAM, Judge.

The opinion of the court contains a sufficient statement of the case.

*F. B. Pratt*, for plaintiff in error:

Contended that the statute of limitations ceases from the date of issuing the original writ. New counts, or a new declaration, by way of amendment, relate back to the com-

mencement of the suit, the same as if they were part of the
original declaration; no new plea is required, (though the
defendant may plead *de novo*, if his cause require it,) and
the amended declaration is for all purposes to be considered
as having been filed at the outset. 1 Tidd's Prac., 708, 711,
697; Angell on Limitations, 330; Cross v. Coyne, 6 Dunf.,
and East., 543; Mattock v. Hammet, 7 ib.; Crawford v.
Cocks, 3 Eng. L. and Eq., 594; Carne v. Malins, 6 ib.; Tobias
v. Harland, 1 Wend., 93; Heath v. Whidden, 29 Maine, 110;
Farrar v. Christie, 33 Mo.; Martins v. Phillips, 4 Tex.; Scoby
v. Sweat, 28 ib., 729; 39 Vt., 197; Shaw v. Brown, 42 Miss.,
309; Weathersby v. Sinclair, 43 Miss., 193.

*Campbell & Calhoon,* for defendant in error:

It is clear that the right of action was barred by the
six months limitation. Rev. Code of 1871, § 1609.

An amended declaration becomes to all intents and pur-
poses, a new declaration, and the defendant, though he has
already pleaded to the merits of the original declaration
may plead either in abatement or in bar, or may demur to
the one amended. Shaw v. Brown, 42 Miss., 309. And if
defendant does not plead or demur to the amended declara-
tion, judgment by default may be taken against them.
Anderson v. Robertson, 32 Miss., 241. The petition is
essentially a new suit, and the commencement of a suit to
enforce a mechanic's lien is the filing of the petition.
Christian v. O'Neal, 46 Miss., 669. The mechanic's lien
stands purely and exclusively on its statutory basis. Ib.

SIMRALL, J., delivered the opinion of the court:

The plaintiff sued W. M. Fowler, in assumpsit, on the 7th
of September, 1870, to recover for work and labor done, in
the erection of a house; Fowler died, and the suit was re-
vived against J. A. Dinkins, his administrator. In February,
1873, after the revival of the suit, against the administra-
tor, the plaintiff obtained leave of the court, and filed an
amended declaration, setting up the mechanic's lien on the

building and lot; thereupon, the administrator filed a plea, setting up that more than six months had elapsed next before the filing of the amended declaration embracing the lien, and seeking the special judgment, for the sale of the house and lot.

The statute is that any person claiming the benefit of the lien must bring his suit within six months, after the money becomes due. Code of 1871, § 1609.

It is maintained in support of the demurrer to the plea, that, inasmuch as the suit was originally brought within six months after the money became due, the petition or amended declaration, relying upon the mechanic's lien, should be considered, as saving the bar of the statute. This question has not heretofore been presented to this court. In Weathersby v. Sinclair, 43 Miss, 193, it was held, that under the statute of amendments of pleadings, the plaintiff could substitute a pleading, setting up the mechanic's lien, in place of the declaration in assumpsit. There the question of the statute of limitations was not raised, or considered, perhaps, because the lien was preserved by the suspension of those statutes during the war. This lien is purely a creature of the statute; dependent on that for its force, extent, and remedy. The legislature intended that a party asserting the lien, under the article of the code, before referred to, should speedily, within a short time, pursue his remedy. Our jurisprudence does not favor secret, tacit liens, of which parties dealing in respect of the subject matter, may not have notice, or easy means of ascertaining their existence. The erection or repairs of edifices, is an open, notorious act, of a character to impart notice to creditors and purchasers. The statute preserves the lien for six months after the mechanic's debt becomes due, and gives that time for suit to enforce it. Third persons, being put upon enquiry, can find out when the debt was due, and whether the lien has been pursued by suit within the time limited. Such considerations, doubtless, prompted the legislature to exact of the person

claiming the benefit of it, suit to enforce within six months. But the statute does not continue the lien in favor of the mechanic, unless he sues within the time. The intendment is, if he lets the time go by, he shall be taken as having abandoned the lien, and is content to rely upon the personal responsibility of the defendant.

The cases referred to by the counsel for the plaintiff in error, do not apply to this case. They affirm the principle to be, that the institution of a suit stops the running of the time limited for suit. They were all personal actions, and the courts properly held that an amendment of the declaration, presenting in better and more apt form, the original cause of action, was not, as respects the statute of limitations, the beginning of the suit. Dunn v. Cane, 39 Vermont, 197, cited by counsel, puts the doctrine upon the distinct ground, " that the cause is the debt, which the plaintiff was seeking at the outset to enforce. In his original declaration he omitted to describe the note, as under seal, which defect the amended count cured.

If the plaintiff here, in the outset, had preferred a petition to subject the property to the lien, but, by reason of some imperfection, it became necessary to amend, then he would have sued within the six months as intended by the statute. But he makes no claim under his lien, until two years after he had begun his personal action. We think that he thereby abandoned his lien.

Judgment is affirmed.