MATILDA O'LEARY ET AL. *v.* SAMUEL BURNS.

53  171
75  613

1. WITNESS. *Party incompetent to establish his own claim against estate of deceased person. Code 1871, § 758, applied to mechanic's lien.*

   The plaintiff, in a proceeding to establish a mechanic's lien on real estate, is an incompetent witness in his own behalf to prove his claim to the mechanic's lien, the claim having originated in a contract with a decedent, and the land having been the property of the decedent in his lifetime.

2. SUPREME COURT. *Immaterial error. Erroneous admission of testimony which did not affect result.*

   Where there is other evidence sufficient to support the finding of the judge (to whom the case was submitted), the judgment will not be reversed for an error in admitting testimony.

3. MECHANIC'S LIEN. *Six months' limitation. When statute begins to run. Continuous delivery of material.*

   Where there has been a continuous delivery of materials, which are put into a structure, the Statute of Limitations begins to run against the lien therefor on the structure from the delivery of the last lot of materials.

4. MECHANIC'S LIEN. *Code 1871, § 1609. Amendment. Six months' limitation.*

   The original petition to establish a mechanic's lien on real estate was filed within the six months limited by the statute, describing the property subject to the lien and other property; an amended petition was filed after the six months, embracing the property on which the lien existed alone, — *Held,* that the amendment was allowable, and that the lien was not barred by the six months' limitation.

5. MECHANIC'S LIEN. *Six months' limitation. When runs against amendment.*

   If the amended petition in a mechanic's lien case, filed after the six months limited by the statute, for the first time preferred a claim for the lien, it would be, in the sense of the statute, the bringing of a suit founded on it, and would be too late.

6. SUPREME COURT. *Practice. Finding of judge below.*

   On an issue of the Statute of Limitations, in a suit to enforce a mechanic's lien, where the testimony is conflicting, so that this court cannot say the conclusion of the judge (who tried the case instead of a jury) was wrong, a reversal will not take place.

ERROR to the Circuit Court of Hinds County.

Hon. GEORGE F. BROWN, Judge.

On 2d April, 1874, Samuel Burns filed this petition under

the statute, to enforce a mechanic's lien against a certain brick building described in said petition, and the lot on which the building stands. Patrick O'Leary, the owner of said lot, was alone made defendant to this petition, and the lien was claimed therein for a large quantity of brick furnished by the petitioner and put into said building, the brick being bought by O'Leary from time to time on open account, and the last lot bought on the 8th October, 1873, at which time the petition averred the account was due.

On 3d June, 1874, Burns filed an amended petition, stating that the description of the premises in the original petition had a mistake in it, and setting out the correct description of the property on which he claimed the lien. The property described in the amended petition is a part of that described in the original petition. On the 13th of the same month, Patrick O'Leary filed his answer, denying the debt and the lien and setting up the Statute of Limitations of six months.

At the January Term, 1875, the death of Patrick O'Leary was suggested, and the suit revived in the name of Matilda O'Leary, the widow, in her own right and as executrix of Patrick O'Leary, and the heirs of Patrick O'Leary. Mrs. O'Leary adopted the answer of Patrick O'Leary already filed, and the heirs, being minors, put in a formal answer by a guardian *ad litem*.

On 25th January, 1876, a jury not being demanded, the case was tried by the judge, who found for the plaintiff; and a judgment was entered, establishing the lien on the house and lot, and awarding a special execution to sell the same, but expressly declining to give any further judgment or execution.

A motion for a new trial was made and overruled, and a bill of exceptions taken to the order overruling the motion, embracing all the evidence.

The bill of exceptions recited that, after reading the petition, amended petition, and account therewith filed, the plaintiff then offered to testify in his own behalf. "The defendants, by counsel, then objected to the said witness (he being the plaintiff in the cause) testifying to prove said account, on the ground that the account was a demand against the estate of a deceased person, and in such case his evidence was inadmis-

sible. But the court overruled the objection, and permitted said plaintiff (Samuel Burns) to testify so far as his testimony went to establish his claim as a proceeding *in rem.*" To which the defendants excepted.

The other facts are stated in the opinion of the court.

*T. J. Wharton*, for the plaintiffs in error, argued the case orally.

*T. J. & F. A. R. Wharton*, on the same side.

1. The court erred in allowing the plaintiff, Burns, to testify. Code 1871, §758; 37 Miss. 448; 39 Miss. 342; 38 Miss. 348; 51 Miss. 881. The objection is not met by allowing him to testify, " so far as his testimony went to establish his claim as a proceeding *in rem.*" The statute applies equally whether the testimony is to establish a claim *in personam* or *in rem.*

2. Take out Burns's testimony, and there is nothing left of the plaintiff's case. The account is then unproved, and the testimony of the defendants' witnesses, showing the bricks were all delivered before 1st October, is uncontradicted.

3. The amendment in this case claimed the lien on property other than that originally sought to be charged. Such an amendment is the beginning of a suit to enforce the lien. And the original petition, since it did not describe the land on which the lien was claimed, was not a sufficient suit to stop the running of the statute. *Dinkins* v. *Bowers*, 49 Miss. 219.

*James Shelton*, for the defendant in error, argued the case orally.

*Shelton & Shelton*, on the same side.

1. No jury having been demanded, the case was tried by the judge, and his finding must have the same effect as the verdict of a jury. 39 Miss. 59; 47 Miss. 210, 227.

2. The lien was not barred by the Statute of Limitations when the original petition was filed. This was the commencement of the suit, and stopped the running of the statute.

3. The testimony of the plaintiff was properly heard in the court below; and, if not, the same result would have been reached on the other evidence in the cause. From the fact that the judge heard this evidence, it does not follow that he considered it in coming to his conclusion. It is manifest a correct result was reached, if we discard Burns's testimony. A new trial would not result differently. Consequently this court will decline to reverse the judgment. 48 Miss. 422;

48 Miss. 630; *Wilson* v. *Beauchamp*, 50 Miss. 32; *Garrard* v. *State*, 50 Miss. 153.

SIMRALL, C. J., delivered the opinion of the court.

The plaintiff was an incompetent witness. His testimony tended to establish a demand for $250 against the estate of Patrick O'Leary, deceased. The distinction taken by his honor, the circuit judge, between the competency of a witness to prove his claim to a mechanic's lien and his incompetency to prove the same claim in a personal action, is without foundation.

If there is not other evidence sufficient to support the finding of the judge (to whom the case was submitted), then, for the error in receiving the testimony of the plaintiff, the judgment must be reversed.

We think there is such evidence. The brick were delivered, the price per thousand was proved, and also the admission of the testator that he owed the debt.

The second point is, that the suit was not brought in time. The petition was filed the 2d April, 1874. We compute the time from that date back to the second of October, which makes six months.

It has been held by this court, that, where there has been a continuous delivery of materials which are put into a structure, the statute begins to run from the delivery of the last lot. The judge must have concluded that some part of the brick were delivered within the six months before suit brought. The testimony of one witness was that he hauled part of the brick in September and part in October. Another witness says that the delivery was completed between the first and middle of October. The account charges the last lot as of 8th October.

We cannot say that the conclusion of the judge was wrong on the plea of the Statute of Limitations.

But it is also urged that the lien is barred because of the amended petition filed in August. If that amendment for the first time preferred a claim for the lien, then it would be, in the sense of the statute, the bringing of a suit founded on it, and would be too late.

But the amendment only set forth more precisely the property on which the lien attached. The original petition em-

braced more property than the plaintiff asserted a right over. His amendment reduced the quantity, but embraced part of the property described in the original petition.

Such was said by counsel at the bar to be its effect, and we so understand the record. Such amendments may be made. See *Dinkins* v. *Bowers*, 49 Miss. 219.

*Judgment is affirmed.*