## Parsons *v.* Foster *et al.*

(Division A. May 13, 1929. Suggestion of Error Overruled July 15, 1929.)

[122 So. 387. No. 27639.]

*D. C. Enochs,* of Jackson, for appellant.

*Franklin, Easterling & Canizaro* and *Robertson & Campbell,* all of Jackson, for appellees.

Cook, J., delivered the opinion of the court.

The appellant, C. H. Parsons, filed a bill of complaint in the chancery court of the First district of Hinds county, seeking to enjoin the sale, under an exe-

cution, of a certain house located on lot 22 of block C of the Howie-Roell resurvey of the Millsaps College addition to the city of Jackson, Miss. A temporary injunction was issued, and thereafter the defendants appeared and filed a demurrer to the bill of complaint, and a motion to dissolve the injunction upon the bill and demurrer. Upon the hearing of the cause, the demurrer and motion to dissolve were sustained, and, the appellant thereupon declining to plead further, a final decree dismissing the bill of complaint was entered, and from this decree this appeal was prosecuted.

The bill of complaint, as finally amended, charged that one Roy McLain was, on December 17, 1927, the owner of an unimproved lot in the city of Jackson, described as lot 22, block C, of the Howie-Roell resurvey of the Millsaps College addition, of the value of eight hundred dollars, and that, desiring to improve the same, he procured the appellant's consent to advance to him money and material for that purpose to the amount of five thousand dollars, on the condition that the said McLain would secure the payment of same by a deed of trust upon the property; that on said date the said McLain executed and delivered to him such deed of trust, wherein it was recited that "this is a first deed of trust and lien upon said lot, except a lien for street improvements, and is given, as well as the note secured thereby, for advances of money and material to be made to me by said Parsons for the erection of improvements upon said lot;" that this deed of trust was filed for record in the office of the chancery clerk of Hinds county on December 19, 1927, before the erection of any improvement on said lot was begun, and long before the defendant mechanics began work upon such improvements, or were employed to do so; and that under the said deed of trust the appellant had advanced to said McLain money and material for, and that was used in, the construction of improvements

on said lot, amounting to the five thousand dollars, before he learned that the defendant mechanics claimed that they had not been paid for their labor on said improvement, and claimed a lien therefor on said property.

The bill of complaint further charged that on February 27, 1928, the defendant mechanics instituted a suit against the said McLain in a justice of the peace court to establish and enforce an alleged mechanic's statutory lien upon said lot and the building erected thereon for the money alleged to be due them for labor performed in the erection of said building, to which suit the appellant was not a party; that on March 14, 1928, a judgment was rendered in favor of said defendants, fixing a lien upon said lot and building, and condemning the same for sale to satisfy the said judgment; that on April 6, 1928, a general and special execution was issued on said judgment by the said justice of the peace, wherein and whereby the defendant constable was especially commanded to cause to be made the amount of said judgment by seizure and sale of ''that certain house located on lot 22 of the Howie-Roell Resurvey of Millsaps Addition to the city of Jackson, Mississippi;'' that on the same day the defendant constable made a return on said execution that he had executed the writ ''by levying on the house situated on lot 22 on the Howie-Roell Resurvey of Millsaps College Addition to the city of Jackson,'' and on the same day posted a notice of the sale of the house ''situated on lot 22 of Block C of the Howie-Roell Resurvey of Millsaps College Addition to the city of Jackson, First district of Hinds county, Mississippi,'' levied on as the property of the defendant Roy McLain to satisfy the judgment against him.

The bill of complaint further charged that the five thousand dollars due the appellant and secured by the deed of trust had not been paid, and that the said deed of trust was a first and superior lien upon the lot and improve-

ments thereon to any statutory lien in favor of the defendant mechanics; that the defendants and each of them, including the constable, were asserting that the sale of the house under such special execution would be free from the claim, right, title, and interest of the appellant therein under the said deed of trust in his favor, and would vest in the purchaser the right to remove said house from said land free from his right, title, or claim therein under said deed of trust; that the said judgment on which said special execution was issued was void as to the appellant, because he was not made a party thereto, and because the said McLain was not indebted to the said defendant mechanics, and if he, the said appellant, had been a party to the proceedings in which the judgment was rendered, he could have shown that the said McLain was not so indebted; that the judgment fixing a lien upon the said property in favor of said defendants fixed a lien upon both the land and improvements, while the execution issued thereon was a special one for the sale of the house only, described as a certain house located "on lot 22 of the Howie-Roell Resurvey" without designating the block of said resurvey, although there were other lots of that number in said resurvey, and therefore the constable was not authorized to levy on and sell the house on lot 22 of block C of said Howie-Roell resurvey; that under said judgment the justice of the peace was not authorized to issue a special execution for the seizure and sale of the house only, but was required to issue an execution for the sale of both the house and lot; and that the said constable was without authority of law to levy said execution as a general execution upon the house only, and, as a special execution, it was void because it was not in conformity with the judgment which fixed a lien on both the lot and the house, and because it did not describe which lot 22 should be levied on.

The bill of complaint further charged that a sale of the house under the said special execution would cast a doubt, cloud, and suspicion on the right, title, and interest of the appellant in said property under said deed of trust; that a sale of said house under the said special execution would work irreparable injury and damage to the appellant in a foreclosure of his deed of trust, in that the same would deter bidders on account of the fact that the purchaser at such execution sale would claim the right and title to said house with the statutory right to remove the same; that by reason of the contention of the defendants that said sale under said execution would pass the title to said house free of any claim, right, title, or interest of the appellant therein, and the conflicting contention of the appellant that the said sale, if otherwise valid, would be subject to his right, title, claim, and interest therein under said deed of trust and under the statute for the payment of money advances for material to construct said house and used for that purpose, prospective bidders would be unable to determine with any degree of certainty whether said sale was valid, and, if valid, whether subject or superior to the right, claim, title, and interest of the appellant under said deed of trust and the law, wherefore irreparable injury would be done to the appellant, in that a fair price for said house could not be obtained at said sale; that no sale of said property, or any part thereof, should be made under said judgment until the exact *status* of the rights of the appellant and the defendants in reference thereto had been fully determined and adjudicated, so that at a valid sale, if such had been ordered, the purchasing public might know just what it was buying at such sale in order that the property might be expected to bring its value. The prayer of the bill was for an injunction to restrain the said sale under such special execution, and to prevent the procurement of any other execution on said judgment

until a final hearing on the cause, and for a decree that the defendant mechanics have no right to sell said house under said judgment, and have no right to said judgment fixing a lien upon said house and lot, or upon a sale thereof, and for general relief.

In the demurrer interposed to the bill of complaint by the appellee, the following grounds were assigned:

"(1) There is no equity on the face of the bill.

"(2) The bill shows on its face that the judgment rendered against Roy McLain, the owner of the property, and fixing a lien upon the house and lot is a valid judgment and conclusive between the defendants Stanton, Cooper, Maxwell and Harwood and Roy McLain and therefore binding upon complainant.

"(3) That said bill on its face shows that complainant is not entitled to an injunction and that he is not entitled to the relief prayed for or any relief whatsoever in this court.

"(4) That complainant is not entitled to enjoin the execution of said judgment in this court because he has and had a complete, perfect and adequate remedy at law.

"(5) That said bill shows on its face that complainant was the holder of a prior mortgage on the lot and that whatever right he may have against the building erected thereon is second to and subsidiary to that of the defendants Staton, Cooper, Maxwell and Harwood."

Section 3068, Code 1906 (section 2590, Hemingway's 1927 Code), provides that, where a judgment in a proceeding to enforce a mechanic's lien is against the house or fixtures and the land, or against the same without the land, the special execution may be issued to make the amount recovered by a sale of the property, which shall be described therein, while section 3069, Code 1906 (section 2591, Hemingway's 1927), provides that, if said special execution be for the sale of the house or fixtures without the land, and said house or fixtures alone be sold,

and the same shall have been erected or constructed or put on the land "subsequently to a former incumbrance on the land," the purchaser shall acquire the same free from such former incumbrance, and his purchase shall authorize him to enter and remove such house and fixtures from the land with reasonable dispatch. Having in view the provisions of these statutes making a mechanic's lien on a house or fixtures constructed on land superior to the lien of a "former incumbrance" on the land, the appellant first contends that his deed of trust is not a former incumbrance on the land within the purview and meaning of said section 3069, Code 1906 (section 2591, Hemingway's 1927 Code), for the reason that it was not executed to secure money loaned in contemplation of the land alone as security, or to secure any existing indebtedness with a view of looking alone to the unimproved land as security for its payment, but it was executed to secure an indebtedness created by the advancement of money and material for the erection of the very building and improvement upon which the mechanic's lien is asserted, and it was so stated in the face of the deed of trust which was placed on record before the labor was performed on the building. This contention of counsel presents a very interesting question, and one which, although it finds some support in the decisions of other states, does not seem to have been considered or decided by this court, but, under our view of other questions, we do not consider it necessary to decide this particular point.

The appellant next contends that, by "failing to make the appellant a party to the mechanic's lien proceeding, the defendant mechanics thereby made the deed of trust prior and superior to their lien as to both the lands and improvements by waiver." In the consideration of this contention, the first question that arises is whether or not the appellant was a necessary party to the proceed-

ings to establish and enforce a mechanic's lien on the property. This statutory provision with reference to parties to mechanic's lien suits is found in section 3063, Code 1906 (section 2585, Hemingway's 1927 Code), which is as follows:

"All persons having an interest in the controversy, and all persons claiming liens on the same property, by virtue of this chapter, shall be made parties to the suit; and should any necessary or proper party be omitted, he may be brought in by amendment, on his own application or that of any other party interested; and claims of several parties having liens on the same property may be joined in the same action."

It will be noted that, in addition to all persons claiming a statutory mechanic's or materialman's lien on the property, this statute requires that "all persons having an interest in the controversy" shall be made parties to a suit to establish and enforce such a lien. That the appellant had an interest in the controversy or proceeding by which it was sought to fix a superior lien on the land and improvements erected thereon would hardly be questioned. The recorded deed of trust in appellant's favor constituted an admitted prior and superior lien on the land, and was also a lien on the house erected thereon with the money advanced by him for that purpose. Whether the asserted mechanic's lien was superior to that of the deed of trust was a matter in which the appellant was vitally interested. A mortgagee has more than a mere right to redeem as against a prior lien. He has the right to contest its validity, its existence, or the existence of an indebtedness which could be the basis thereof, or to assail its priority, and for this purpose he is entitled to his day in court. Section 3065, Code 1906 (section 2587, Hemingway's 1927 Code), provides that the defendants, or any of them, by answer to the petition, may make any defense they may have against the de-

mand of the plaintiff, and also any counterclaim against him touching the subject-matter of the suit. If the defendant had been made a party to the proceeding in the justice court, he would have had an opportunity to avail himself of this statutory right, and having done so, or had the opportunity to do so, a decision and judgment establishing a superior lien in the plaintiff's favor would have conferred the right to sell the house free from the lien of appellant's deed of trust, with the right in the purchaser to remove the same. The appellant clearly came within the class, or designation of a "person having an interest in the controversy," and, as such, he was a necessary party to the suit to condemn the property, or any part thereof, to be sold, and, since he was not made a party to such proceeding, his rights were not affected thereby, and the judgment entered therein was void as to the appellant and conveyed no right to sell the house free of his claim or lien, as was proposed to be done under the special execution for the sale of the house alone.

Having reached the conclusion that the judgment was void as to the appellant, and unenforceable as a lien on the house superior to that of the deed of trust, was the appellant then required to sit idly by and permit the house to be sold under an asserted right to sell the same free from the lien of his deed of trust, and by a form or process which by statute would confer upon the purchaser a claim of title free from the lien of his deed of trust, with the right to enter and remove the house? We think not. The defendant mechanics having failed within the statutory time limit allowed for such proceedings, to establish a lien on the property which could be enforced as against or superior to the right and lien of the appellant, a sale under the special execution issued on the judgment rendered would not divest the right, title, and lien of the appellant. But, nevertheless, it would cast a doubt,

cloud, and suspicion upon the title which the appellant could convey under any foreclosure of his deed of trust, and, in such case, the jurisdiction of equity to prevent a sale of real property which would effect this result is well recognized and established. In the case of *Moody* v. *Harper,* 38 Miss. 599, on the subject of equity jurisdiction to prevent clouds upon title to real estate, the court said:

"It is clear that no such order of sale should be granted by the court; for it would be to order the sale of the land for a vain and idle purpose. The sale could only have the effect to create a cloud upon the title of Harper; and the circumstances of the application well warrant the conclusion that such was its object, and not the payment of the just and legal claims against the estate of John Shields. As the proceeding, if consummated, would have that effect, it was proper for the defendant in error to arrest it, and to prevent the jurisdiction of the probate court from being abused to his prejudice, by the aid of equity enjoining its consummation. It was clearly a cloud upon his title, inequitable in its character, and within the remedial power of a court of equity."

In the case of *Sharpe* v. *Tatnall,* 5 Del. Ch. 302, the court of chancery of Delaware upheld an injunction enjoining a sale under an execution that would have been void, saying:

"Although no valid title to the premises could now be sold or conveyed under said judgment of the defendant, a pretended sale and conveyance under it might cause the complainants expense and trouble, and would cast a cloud upon their title. For such threatened injury by the defendant there is no sufficient or adequate remedy at law. The prevention of a cloud upon title is a salutary branch of equity jurisdiction, universally recognized, and founded upon sound principles. High, Inj., section 269."

In *Budd* v. *Long,* 13 Fla. 288, the supreme court of Florida said:

"Equity will not interfere to prevent a mere trespass, and the sheriff, in seizing the complainant's property, may be a mere trespasser, and the actual damage may be recovered at law; yet an actual wrongful sale and conveyance of real property, though it may not operate to dispossess the owner, yet brings a cloud upon his title and tends to annoy him, and really affects the value of the property to a greater or less extent, not actually susceptible of measurement or redress in an action at law."

In *Christie* v. *Hale,* 46 Ill. 117, the supreme court of Illinois upheld an injunction to prevent a cloud upon complainant's title, saying:

"It is also insisted, that although plaintiffs in error may have no lien or other right, that the remedy of defendant in error is complete at law, and equity will not entertain jurisdiction to grant relief. The fact that the holder of a cloud on complainant's title may compel him to defend himself against it, with the expense and vexation attending a suit, is the ground upon which bills *quia timet* are placed. *Jarvis* v. *White,* 7 Ves. 415. And if the court may, to prevent litigation, expense and vexation, entertain jurisdiction to remove a cloud, no reason is perceived why it may not be exercised to prevent the creation of such a cloud."

In *Stevens* v. *Mulligan,* 167 Mass. 84, 44 N. E. 1086, in discussing this question, the court said:

"1. There is no doubt of the jurisdiction of a court of equity to restrain by injunction a threatened levy of execution upon real estate which is not legally subject to such a levy, and thus prevent a cloud upon title. *O'Hare* v. *Downing,* 130 Mass. 16, 19, and cases cited."

In the case of the *First Nat. Bank* v. *Deitch,* 83 Ind. 131, the court quoted with approval the following statement of the doctrine from 1 High on Injunctions, p. 242, section 372:

" 'The jurisdiction by injunction to prevent a cloud upon title is closely analogous to the well-settled jurisdiction of courts of chancery for the removal of cloud upon title; and the reasoning which supports the jurisdiction in the latter case would seem to apply with equal if not greater force in the former. It seems, therefore, to follow as a necessary consequence that if the aid of equity may be invoked to remove a cloud upon title to realty, it may with equal propriety be exerted to enjoin such illegal acts as will necessarily result in a clouded title. And it may be asserted as a general proposition, that a sale of lands under execution, which would confer no title upon the purchaser, and whose only effect would be to cloud the title of others, will be enjoined.' "

The appellees have made no effort to sell the house, or the house and lot subject to the lien of appellant's deed of trust, but the allegations of the bill of complaint that the appellant was not made a party to the mechanic's lien proceedings, and that the defendants were asserting that under the special execution the house will be sold free from the lien of the deed of trust, with the right of removal in the purchaser free from such lien, was admitted by the demurrer. The special execution, levy, and advertisement of sale was, in effect, an assertion of a right under the statute to convey the house with the right to remove it, and presumably the purchaser would assert such a right in order to avail himself of the value of his purchase. To prevent this removal would involve the expense and vexation of litigation, while the uncertain state of the title would probably materially affect the sale value thereof in any proceeding to foreclose the deed of trust, resulting in irreparable injury to the appellant. There is no apparent full, adequate and unembarrassed remedy at law available to the appellant, and we think it was error for the court below to sustain the demurrer to the bill of complaint and to dissolve the injunction. There-

fore the decree will be reversed, and the demurrer overruled, the injunction reinstated, and the cause remanded.
*Reversed and remanded.*