BILLUPS *et al. v.* BECKER'S WELDING & MACHINE CO.

(Division B. June 5, 1939. Suggestion of Error Overruled July 18, 1939.)

[189 So. 526. No. 33746.]

**W. E. Morse**, of Jackson, for appellants.

44

**Harold Cox**, of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

During the years of 1936 and 1937, the Myles Gravel

Company, a corporation, was the owner and in possession of certain machinery and equipment, which was so situated as to come within the legal classification of personal property, and located near the Utica Institute in Hinds County, on which the appellee acquired a mechanic's lien for labor done and materials furnished in the repair thereof, and which were both necessary and essential to the preservation of the property and to permit its use and operation. The total amount claimed to be due for said material and labor was the sum of $727.05, and of which amount the sum of $581.79 is claimed to have been incurred prior to June 16, 1937. The appellant, Mrs. Ella J. Billups, made a loan on that date of $2,500 to the said Myles Gravel Company, due within ninety days, and secured by a deed of trust then duly recorded against said machinery and equipment. Thereafter, the Myles Gravel Company was adjudicated a bankrupt, and on March 15, 1938, this property was sold by order of the Referee in Bankruptcy and was purchased from the trustee by the appellant, W. L. Billups, at the sum of $300, subject to all liens then existing against the same. The order of confirmation of the sale recited that the sale had been made subject to sizeable liens and that all lienholders had consented thereto. On April 30, 1938, the appellee filed this suit, in the County Court of Hinds County, to enforce its mechanic's lien for labor done and material furnished in connection with the repair and alteration of said machinery and equipment, and caused to be issued a writ of summons and seizure for said property, as provided for under section 2257 of the Code of 1930 in cases where the lienholder may have parted with the possession of the property on which the lien is alleged to exist. The property was seized in possession of the appellant, W. L. Billups, who filed a plea of the general issue and gave notice thereunder that the said property was not liable to the mechanic's lien claimed by the appellee, for the reason that such lien was not asserted while the property was in the possession or under the control of the mechanic,

as contemplated by Section 2255 of the Code of 1930; and also for the reason that most of the items of labor done and material furnished were incurred more than twelve months prior to the institution of this suit. The appellant, Mrs. Ella J. Billups, was permitted to intervene as a necessary party defendant to assert the priority of the lien of her deed of trust of June 16, 1937, on the alleged ground that she was an innocent encumbrancer for value without notice of the said mechanic's lien. On the trial of the cause in the county court, without the intervention of a jury, a mechanic's lien was fixed and declared to exist in the sum of $527.79 in favor of the appellee on a portion of the property and in the sum of $145.26 against the remainder thereof, as a prior and superior lien to that held by the appellant, Mrs. Ella J. Billups, and to the claim of title held by the appellant, W. L. Billups. On appeal to the circuit court, this judgment of the county court was affirmed and the cause remanded for the enforcement of the respective liens. From that judgment of affirmance, both the defendants appeal, but it is conceded by their counsel in his brief that the rights acquired by the appellant, W. L. Billups, as purchaser from the trustee in bankruptcy, is subordinate to the mechanic's lien of the appellee.

As to the question of whether the statute of limitations, Section 2262 of the Code of 1930, had run against some of the items of labor done and materials furnished by the appellee, it was held in the cases of Ehlers v. Elder, 51 Miss. 495, and O'Leary v. Burns, 53 Miss. 171, that where there has been a continuous delivery of material, and the time of payment is not fixed by contract, the statute begins to run against the lien from the delivery of the last lot of material. It appears from the record that the period during which the labor was done and the materials were furnished extended from September, 1936, to September, 1937, inclusive; and that during this period a series of notes were given, some of which were paid and some filed with the appellee's claim in the bankruptcy

proceeding of the Myles Gravel Company, bankrupt. It does not appear from this record as to when the adjudication in bankruptcy took place, nor when the claim of the appellee was filed in the bankruptcy proceeding. The title to the property of the bankrupt, including the machinery and equipment in question, passed to the trustee in bankruptcy subject to the outstanding liens thereon, and it was necessary that such liens be ascertained and recognized before the lienor was entitled to enforce a lien against the same as against such trustee. The plea of the statute of limitations having been interposed by the appellants in the present suit as an affirmative defense, it was necessary that the proof should have disclosed that the due date of the indebtedness claimed by the appellee was such as to cause the mechanic's lien to be barred by the statute of limitations, supra, without regard to when the labor was actually done or materials furnished. We are not able to say that the county court's decision on the facts was an erroneous one in holding that the proof did not disclose that the mechanic's lien was barred by the statute.

As to the items of labor done and material furnished subsequent to the execution of the deed of trust held by the appellant, Mrs. Ella J. Billups, the mechanic's lien would unquestionably be paramount to the lien of the deed of trust, since it was shown without dispute that the labor done and the materials furnished were necessary to permit the operation and to prevent the deterioation of the property in question. J. A. Broom & Son v. S. S. Dale & Sons, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146; 3 R. C. L., par. 56; Moorhead Motor Company v. H. D. Walker Auto Company, 133 Miss. 63, 97 So. 486; Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615.

As to the items of indebtedness incurred prior to the execution of the deed of trust, it is contended by the appellants that the priority of the mechanic's lien therefor would be dependent upon whether or not the beneficiary

in the deed of trust had actual notice or knowledge thereof, since she was without constructive notice in view of the fact that the lis pendens notice was not filed nor the suit begun until long subsequent thereto. The presumption would be, however, that since the statute, Section 2255 of the Code of 1930, did not merely give the mechanic the right to acquire a lien on the machinery and equipment, but created such lien, the Myles Gravel Company informed the beneficiary in the deed of trust, executed on June 16, 1937, of the existence of such mechanic's lien. It would have been unlawful for the said gravel company to have obtained the loan and to have given a lien in favor of the beneficiary in said deed of trust without advising her of the existence of any lien then outstanding against the property. Since the statute above mentioned had created a lien in favor of the mechanic, which was in full force and effect at the time of the execution of the deed of trust, the burden of proof was upon the beneficiary therein to show that she acquired her lien without notice of the lien created by statute in favor of the appellee. She gave notice under her plea of the general issue and averred in her plea of intervention that she had no notice or knowledge of the mechanic's lien on the property at the time she made the loan, but this notice under the general issue was signed and the plea of intervention sworn to by her attorney, and she failed to appear at the trial to offer any testimony in support of this defense, except the fact that her attorney who investigated the records and attended to the details of the loan was without notice or knowledge in that behalf. It was not sufficient in support of this affirmative defense to prove her lack of knowledge merely by showing that her attorney who negotiated the loan made a diligent inquiry and investigation and failed to acquire any notice or knowledge of the existence of the mechanic's lien. The issue raised by the plea was whether she had notice. Cassedy v. Wells, Jones, Wells & Lipscomb, 162 Miss. 102, 137 So. 472, 79 A. L. R. 1133.

The mechanic's lien relied upon did not exist by virtue of section 2258 of the Code of 1930, covering liens on houses, buildings, structures, and fixed machinery, etc., such as become a part of the realty, and to take effect as to purchasers or encumbrances for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, in the office of the clerk of the chancery court. On the contrary, the lien here involved was created by section 2255 of the Code of 1930, as applied to personal property, and was enforceable under sections 2257 and 2239 of said Code. The machinery and equipment in question having been in the possession or under the control of the appellee while being repaired, and he having surrendered possession thereof to the owner, the lien was retained to the extent that is allowed in cases of liens for purchase money of goods, and was enforceable while the property remained in the hands of the then owner, Myles Gravel Company, or while in the hands of one deriving title or possession through said gravel company, with notice that the indebtedness represented by the mechanic's lien was unpaid.

Again, the note and deed of trust held by the appellant, Mrs. Ella J. Billups, was long past due at the time of the trial, and there was no testimony offered to show that the indebtedness to her was unpaid. The president of the Myles Gravel Company testified as to having received the proceeds of the loan, but he was not questioned as to whether the indebtedness, or any part thereof, had been paid. It is true that there was no plea of payment, but the maker of the note and deed of trust was not a party to the suit. Therefore, as between the beneficiary in the deed of trust and the claimant of the mechanic's lien, it was encumbent on such beneficiary to prove not only that she acquired her lien without notice but that the same remained unsatisfied.

It follows therefore that the decision of the circuit court, affirming the judgment of the county court, must be by this Court affirmed.

Affirmed.