## Mississippi Motor Finance, Inc. *v.* Thomas D.B.A. Thomas Auto Parts Company

No. 42511          January 14, 1963          149 So. 2d 21

February 4, 1963

*Howard C. Ross, Jr.,* Jackson, for appellant.

*J. Harold Graham, Jr.*, Crystal Springs, for appellee.

KYLE, J.

The appellant, Mississippi Motor Finance, Incorporated, filed its declaration in the Circuit Court of Copiah County against the appellee, Carl Thomas, d/b/a as Thomas Auto Parts Company, for the recovery of damages for the unlawful conversion by the appellee of a 1953 Pontiac automobile, which had been sold to Della Horton and Ray Horton by Lowry Motor Company of Jackson, Mississippi, on October 19, 1960, under a conditional sales contract. The appellant alleged in its declaration that at the time of the conversion of the automobile by the appellee there was due under the conditional sales contract an unpaid balance of $202.38, which was due and owing to the appellant as assignee of the conditional sales contract.

The appellant further alleged that, after the automobile was delivered to Della Horton and Ray Horton, it became necessary that repairs be made on the automobile; that the repairs were made by the appellee and the cost of the repairs were in excess of $200; that the appellee instituted an action in the Justice of the Peace Court of George D. Garrett against Della Horton and Ray Horton to enforce a mechanic's lien on the automobile; and thereafter the automobile was sold under a judgment entered by the justice of the peace for the enforcement of the mechanic's lien, and was purchased by the appellee at the execution sale. The appellant further alleged that the sale was void in its entirety because of the failure of the appellee to name the appellant as a party defendant to the proceeding, as required by Section 361, Mississippi Code of 1942, Rec.; that the appellant was a party in interest and was entitled to notice of the proceeding, and yet the appellee took possession of the automobile and asserted control of the same. The appellant further alleged that by reason of the above mentioned facts the appellee was guilty of the conversion of the property, which had a reasonable value in excess of the amount of the appellant's claim. The appellant therefore asked for judgment against the appellee for the sum of $202.38 and cost. A copy of the conditional sales contract was attached as an exhibit to the declaration.

The appellee in its answer denied that there was any unlawful conversion of the automobile, and denied that there was any outstanding indebtedness under the above mentioned conditional sales contract. The appellee admitted that the automobile was owned by Della Horton and Ray Horton; and that it was placed with the appellee for the necessary repairs, and that the repair bill was in excess of $200. The appellee denied that the automobile was sold under a void proceeding and was converted by the appellee to his own use. The appellee

admitted in his answer that after the account for repairs became delinquent he instituted suit in the justice of the peace court to enforce a mechanic's lien on the automobile, and that subsequent to the institution of the action the automobile was sold pursuant to the judgment rendered by the justice of the peace court. The appellee denied that the sale was void; and the appellee denied that he was guilty of the conversion of the property, or was liable in any amount for the payment of the appellant's claim. The appellee asked that the appellant's suit be dismissed.

When the case was called for hearing in the circuit court, counsel representing both parties conceded that there were no questions of fact to be submitted to the jury, that the question for consideration in the case was solely one of law. The court was of the opinion that although the appellee's mechanics lien was paramount to the claim of the appellant, the appellant had a vested interest in the subject matter and should have been made a party in interest to the suit in the justice of the peace court to enforce the mechanic's lien.

The court was of the opinion that it was without power to determine the equities which existed between the record lienholder of the conditional sales contract and the mechanic who had a prior lien for materials and labor furnished in making necessary repairs on the automobile, and that the case should be transferred to the chancery court where the equities could be easily and speedily adjudicated; and the court therefore entered an order transferring the case to the chancery court.

When the case was called for hearing at the next succeeding term of the chancery court it was admitted by the appellant that a valid mechanic's lien existed on the property in favor of the appellee. It was also admitted that no direct notice was given to the appellant of the sale of the property under the judgment rendered by the justice of the peace court, although notices of

the sale had been posted. The chancellor was of the opinion that, in view of the facts disclosed by the pleadings and the admissions of the parties, the automobile should be resold, and that the lien of Thomas Auto Parts Company should be given the priority to which it was entitled under the statute. A decree was therefore entered directing that the automobile be sold and that the appellee's mechanics lien be given priority in the distribution of the proceeds of the sale. From that decree the appellant has prosecuted this appeal.

The appellant has assigned and argued four points as ground for reversal of the decree of the lower court: (1) That the chancery court erred in not entering a money judgment for the appellant in the sum of $202.38; (2) that the chancery court erred in limiting its order to a holding that the sale made in the proceeding in the justice of the peace court was void; (3) that the circuit court erred in not entering a judgment against the appellee for the sum of $202.38, and (4) that the circuit court erred in transferring the case to the chancery court.

We think there was no error in the refusal of the circuit court to enter a money judgment for the appellant, or in transferring the case to the chancery court where the equities of the parties could be best determined. We also think there was no error in the refusal of the chancery court to enter a money judgment for the appellant.

(Hn 1) The chancery court was correct in its holding that the appellant was a person having an interest in the controversy and a necessary party to the proceeding in the justice of the peace court for the enforcement of the appellee's mechanics lien on the automobile; Section 361, Miss. Code of 1942, Rec.; Parsons v. Foster, 154 Miss. 363, 122 So. 387; Lewis v. Jefferson, 173 Miss. 657, 161 So. 669; Jay Industries v. Powell, 220 Miss. 372, 71 So. 2d 193; and since the appellant was not made

a party to that proceeding its rights were not affected thereby. Parsons v. Foster supra. But this does not mean that the appellee, who purchased the automobile at the sale made under the judgment of the justice of the peace court, became liable in an action for conversion for the unpaid balance of the purchase price of the automobile evidenced by the appellant's conditional sales contract.

(Hn 2) It is well settled that the acts alleged to constitute a conversion must be positive and tortious. 89 C.J.S. 534, Trover and Conversion, Section 4. (Hn 3) The mere purchase of personal property in good faith from a person who has no right to sell it is not a conversion; there is no conversion until the title of the lawful owner is made known and resisted or the purchaser exercises dominion over the property by use, sale, or otherwise. 89 C.J.S. 552, Trover and Conversion, Section 45 b, and cases cited.

In McJunkin v. Hancock, 71 Okla. 257, 176 P. 740, the Court said: ''To make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand. Sivils v. Aldridge, 162 Pac. 198.'' In Spooner v. Holmes, 102 Mass. 503, 3 Am. Rep. 491, Mr. Justice Gray, speaking for the Court, said: ''Action of tort * * * cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself, or to deprive the rightful owner of it, or destroyed the property.'' In Lee Tung v. Burkhart, 59 Or. 195, 116 Pac. 1066, the Court held that in order to maintain an action for conversion, there must have been, on the part of the defendant, some unlawful assumption of dominion over the personal property involved, in defiance or exclusion of the plaintiff's rights, or else a withholding of the possession under a claim of right

or title inconsistent with that of plaintiff. In Coleman v. Francis, 102 Conn. 612, 129 A. 718, the Court held that to hold a purchaser in good faith in the regular course of business from the apparent owner in possession liable for conversion, it should be shown that he assumed dominion over the property by use or otherwise after the lawful owner's title was made known to him, or refused to return the property after demand.

(Hn 4) In the case that we have here the appellee's lien on the automobile under the provisions of Section 353, Miss. Code of 1942, Rec., to secure the payment of his account for necessary repairs made by him to keep the automobile in proper running condition, was superior to the appellant's lien under its conditional sales contract. Billups v. Becker's Welding & Mach. Co., 186 Miss. 41, 189 So. 526; Funchess v. Pennington, 205 Miss. 500, 39 So. 2d 1; Commercial Securities Co. v. Kriner (Miss. 1951), 53 So. 2d 92. There is no evidence in the record of any lack of good faith on the part of the appellee in the prosecution of his claim in the justice of the peace court for the enforcement of his lien, or in his belief, though mistaken, that he owned the property as the result of his purchase of the automobile at the execution sale. It is not claimed that the appellee had actual knowledge of any existing right of the appellant in the property in controversy until after the appellee's purchase of the automobile at the execution sale. The appellee had not disposed of the automobile at the time the appellant filed his declaration. The appellant admitted that a valid mechanic's lien existed on the automobile to secure the payment of the appellee's repair bill; and yet, so far as the record shows the appellant made no offer at any time to pay to the appellee the amount due the appellee for the repairs made on the automobile, and the appellant made no demand upon the appellee for possession of the automobile under its conditional sales contract. (Hn 5) Under these circum-

stances there was no error in the chancellor's refusal to render a judgment against the appellee for the unpaid balance due and owing by Della Horton and Ray Horton to the appellant as assignee of the conditional sales contract. **(Hn 6)** There was no obligation on the part of the appellant to pay the repair bill if he had permitted the execution sale to stand; but since the appellant has elected to have the court declare the execution sale void, he can obtain such relief only on the condition that appellee be protected from loss of his account for repairs. McGee v. Wallis, 57 Miss. 638.

We find no reversible error in the record and the decree of the lower court is therefore affirmed and the cause remanded to the chancery court for the enforcement of the decree.

Affirmed and remanded.

*McGehee, C. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.

## ON SUGGESTION OF ERROR

GILLESPIE, J.

Appellant contends that since the judgment of the justice of the peace was void and appellee had constructive notice of appellant's lien, it follows that appellee was guilty of conversion of the automobile, thereby rendering him liable for the amount of appellant's claim. The void sale is not the only fact to be considered in determining whether appellee was guilty of conversion of the automobile. It is admitted that the repairs were necessary and the lien of appellee was valid. After the completion of the repairs, appellee had a special interest in the automobile in the form of a mechanic's lien superior to the lien of appellant. Appellee did not lose his lien merely because the sale was void. Appellee never lost possession of the automobile, which he had a right to

retain until the price of his repairs was paid. Sec. 353, Miss. Code 1942.

Therefore, the void sale changed nothing. Possession was the same, and appellee's lien remained in effect but unenforced. Since appellee was in lawful possession at all times after completion of the repairs, he was in the same position in all respects after the sale as he was before. Likewise, appellant was in the same position after the sale as it was before. Of course, appellant's lien after the void sale remained in effect subject to the paramount lien of appellee. Appellee cites a number of general rules but no case in point on the facts, and when the general rules are considered in the light of the facts they are found to be inapplicable. Appellant's apprehension that dire consequences will follow in the wake of this decision is not justified.

Suggestion of Error overruled.

*McGehee, C. J., and Kyle, Ethridge and Rodgers, JJ.,* concur.