ROBERTS, J.,
for the Court:
¶ 1. After a scheduled hearing, Coving-ton County Bank (CCB) was granted a writ of replevin by the Covington County Circuit Court to seize Earnest Ray Ma-gee’s property that served as collateral for a loan. However, on Magee’s motion, the replevin was later set aside. Over a year later, Magee filed a motion for a writ of inquiry seeking damages for wrongful detention of his property. The motion was initially granted but later set aside due to lack of jurisdiction. The circuit court found it lost jurisdiction when the matter was transferred to justice court.
¶ 2. Magee now appeals asserting the circuit court erred in setting aside his writ of inquiry. We agree that the order granting Magee a writ of inquiry should have been set aside; however, we find that jurisdiction was lacking not because the matter was transferred to justice court, but, rather, because the circuit court had no jurisdiction under statutory replevin law to entertain a writ of inquiry. Thus, the order regarding the writ of inquiry from which Magee appeals is not a final, appealable judgment. For this reason, we must dismiss this appeal for lack of jurisdiction.
FACTS AND PROCEDURAL HISTORY
¶ 3. The record in this case is sparse. There exists no testimony by the parties or any witnesses. The underlying facts are gleaned from the pleadings, motions, exhibits, orders, and documents that do appear in the record.
¶ 4. This case began when Magee fell behind on a collateralized note owed to CCB. The collateral consisted of a 1991 Chevrolet pickup truck, a 1996 Ford pickup truck, and a utility trailer. On July 7, 2008, CCB filed a sworn complaint in re-plevin in the Covington County Circuit Court for the seizure of Magee’s property that secured the note. The sworn complaint alleged Magee was an adult resident citizen of Covington County and did not request a pre-seizure of the collateral. On July 11, 2008, an order was filed setting a hearing on August 1, 2008, in the county courthouse in Mendenhall, Simpson County, Mississippi, and requiring that Magee be issued a summons to appear on that date. The clerk issued a summons on that date. There is a hand-written return stating it was “[sjerved 7-19-2008,” and it is *1055 signed: “James Morehead, P.O. Box 291, D’Lo[,] Ms. 39062.”
¶ 5. Magee appeared and met with CCB’s attorney on August 1, 2008, in Men-denhall and apparently agreed with the attorney to pay his loan deficiency of $1,061.21 within two weeks, or the bank would pick up the collateral. A letter written by CCB’s attorney to the judge shows Magee apparently failed to timely pay the agreed amount. On August 27, 2008, the circuit court entered its order granting replevin and directed the issuance of the writ of replevin to the sheriff. CCB attempted to seize the collateral but was unable to locate it until December 2008. It was not until after the property was located and seized that Magee employed an attorney and moved to set aside the order granting replevin.
¶ 6. Magee’s motion to set aside the replevin was filed on February 24, 2009. He argued that the replevin should be set aside for insufficient service of process. He claimed the summons was defective because it ordered him to appear in court in Mendenhall, Mississippi, on a date the court was not in session. On May 8, 2009, CCB filed a response and a motion to hold Magee in contempt for concealing the property that was subject to seizure. Ma-gee denied he had attempted to conceal the property. The next two orders entered by the circuit court are somewhat confusing. In an order signed June 23, 2009, but “nunc pro tunc June 12, 2009,” the circuit court granted Magee’s motion and stated that the prior order granting the writ of replevin filed on August 27, 2008, was “set aside and of ... no effect.” The circuit court also ordered on its own motion that “this case [be] remanded to the Justice Court of Covington County, Mississippi!,] to determine if any attorney’s fees and late charges are due the [p]laintiff from the defendant.” Another order was signed on June 16, 2009, by the circuit judge on his own motion. It stated “that the above styled and numbered [cause] should be, and the same hereby is, remanded to the Justice Court of Coving-ton County, Mississippi,] for disposition.”
¶ 7. Apparently, the dispute over attorney’s fees and late charges proceeded to justice court. However, before a trial there, Magee counterclaimed for actual damages of $24,300 and punitive damages, all above the jurisdictional limits of justice court set out in Mississippi Code Annotated section 9-11-9 (Supp.2011). The justice court dismissed the ease without prejudice on March 24, 2010, for lack of jurisdiction.
¶ 8. Magee then returned to the circuit court seeking damages. On July 8, 2010, Magee filed a motion for a writ of inquiry in the circuit court replevin action to determine damages pursuant to Mississippi Code Annotated section 11-37-129 (Rev. 2002). This motion was granted on September 24, 2010, by a new circuit judge following the untimely death of his predecessor. On January 4, 2011, CCB filed a motion for relief from judgment or, alternatively, for reconsideration. In this and a previous motion, CCB stated that it had retained possession of the collateral since December 2008 and that Magee could retake his collateral if he would pay CCB its attorney’s fees and court costs as Magee was obligated to pay under the promissory note and security agreement. On January 6, 2011, the circuit court granted CCB’s motion for relief from judgment, finding that jurisdiction was lost when the case was transferred to justice court. The circuit court also noted that since a judgment was never entered in favor of Magee, CCB had wrongfully pre-seized the property, section 11-37-129 did not apply, and Ma-gee was not entitled to a writ of inquiry. Accordingly, the circuit court held the order granting the writ of inquiry was void.
*1056 ¶ 9. Magee then filed a motion for reconsideration, arguing that the circuit court had jurisdiction because his motion for a writ of inquiry effectively created a new action in the circuit court. This motion was denied in an order filed on March 28, 2011. In this order, the circuit court found that although the order sending the matter to justice court was titled a “remand,” its actual intent was to transfer the matter. Thus, the circuit court found that it had no jurisdiction to enter any further orders after June 16, 2009 — the date of the order transferring the matter to justice court. It is from the March 28, 2011 order that Magee appeals.
STANDARD OF REVIEW
¶ 10. Jurisdiction is a matter of law, which is reviewed de novo. Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05 (¶ 5) (Miss.1998). The denial of a motion for reconsideration under Rule 59 or Rule 60 of the Mississippi Rules of Civil Procedure is reviewed for an abuse of discretion. Smith v. Harrison Cnty., 67 So.3d 815, 816 (¶ 4) (Miss.Ct.App.2011).
ANALYSIS
¶ 11. Magee argues the circuit court erroneously set aside the order granting the writ of inquiry. However, we find this issue moot because our replevin statutes do not allow for a writ of inquiry where there is no pre-seizure of property. Because it is not allowed by statute, the circuit court was without jurisdiction to enter an order granting Magee a writ of inquiry.
¶ 12. Before proceeding, we note that, regrettably, neither party raised on appeal the issue of the circuit court’s jurisdiction to grant a writ of inquiry thirteen months after the replevin action was concluded. However, jurisdiction over replev-in actions is statutory and is not waived for failure to raise it on appeal. See Duvall v. Duvall, 224 Miss. 546, 552, 80 So.2d 752, 754 (1955) (“[Pjarties cannot, by consent, give a court ... jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be increased or diminished by the consent of the parties.”).
¶ 13. Replevin is a possessory action for personal property governed by statute. Ferris v. Hawkins, 418 So.2d 811, 813 (Miss.1982); M.R.C.P. 64 cmt. Mississippi Rule of Civil Procedure 64, “Seizure of Person or Property,” provides the means by which replevin actions are taken. Rule 64 states:
At the commencement of and during the course of an action, all remedies providing for the seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law. These remedies include ... replevin, ... however designated and regardless of whether the remedy is ancillary to an action or must be obtained by an independent action.
The official comment to Rule 64 states:
Rule 64 provides that the provisional remedies available under Mississippi law for the seizure of persons or property as security for satisfying a judgment that ultimately may be entered in a civil action continue to be available under the [Mississippi Rules of Civil Procedure]. Those remedies are to be resorted to in accordance with statutory law[.] [S]ee, e.g., Miss.Code Ann. §§ ... 11-37-101 et seq. (replevin)....
The replevin statutes, Mississippi Code Annotated section 11-37-101 through 11-37-157 (Rev.2002), are “supplemented only by so much of the MRCP as are not *1057 inconsistent with those statutes.” Hall v. Corbin, 478 So.2d 253, 256 (Miss.1985).
¶ 14. The replevin statutes provide for two types of actions — one under Mississippi Code Annotated section 11-37-101 in which the property sought is immediately seized under bond, and one under Mississippi Code Annotated section 11-37-131 in which immediate seizure is -not sought. It is without dispute the replevin action filed by CCB was filed under section 11-37-131, which is entitled, “How replev-in commenced — immediate seizure of property not sought.” This section does not provide for a writ of inquiry. The purpose of a writ of inquiry is to determine a defendant’s damages when property is pre-seized — meaning it is seized before a hearing under section 11-37-101 — and, upon holding a hearing, a judgment is made in favor of the defendant. Miss. Code Ann. §§ 11-37-125, 11-37-129. Ma-gee’s property was not the subject of pre-seizure; therefore, the applicable code section is 11-37-131. The provisions allowing for a writ of inquiry under section 11-37-129 simply do not apply.
¶ 15. Because a writ of inquiry was not appropriate in this matter, jurisdiction ended when the replevin action ended. The replevin was granted on August 27, 2008. Magee filed a motion to set aside the replevin on February 24, 2009 — almost six months after the replevin was granted. Since this was the first action taken after the August 27, 2008 order, Magee’s motion was the functional equivalent of a motion for relief from judgment under Mississippi Rule of Civil Procedure 60(b)(4). Magee’s motion falls under Rule 60(b)(4), pertaining to void judgments, because Magee’s contention was that the service of process was insufficient. Rule 60(b)(4) allows a party to file a motion for relief from a void judgment “within a reasonable time.” Although not determined by the circuit court, we presume the motion was filed “within a reasonable time.” The order granting the Rule 60(b)(4) motion was signed on June 23, 2009, and was based on Magee’s motion claiming insufficient service of process. This was a final judgment from which an appeal could be properly taken. Neither party appealed. Even though Magee claimed at that time he was entitled to possession of the collateral, he took no further steps to refile a replevin to determine the right of possession.[1]
¶ 16. Instead, Magee filed a motion for a writ of inquiry requesting a jury trial. This was not the appropriate means for Magee to seek damages. A writ of inquiry to assess damages in a statutory replevin action lies only when the plaintiff utilizes the procedures of pre-seizure and bond found in sections 11-37-101 and 11-37-129 and the plaintiff loses at trial and is ordered to return the pre-seized proper *1058 ty to the defendant. That simply did not happen in this case. There was no pre-seizure of Magee’s property; rather, the property was seized after Magee had actual notice of a scheduled hearing and an order was entered by the circuit court holding CCB was entitled to the property. Thus, CCB’s complaint in replevin falls under section 11-37-131, “How replevin commenced — immediate seizure of property not sought.” The proper statutory procedures for CCB’s replevin complaint are in Mississippi Code Annotated section 11-37-141, “Judgment for plaintiff where property not previously seized,” and Mississippi Code Annotated section 11-37-143, “Judgment for defendant where property not previously seized.” These sections do not allow for a writ of inquiry. Section 11-37-143 states: “In any replevin action in which the property has not been previously seized by writ of replevin, if the defendant be successful in such action, the judgment of the court shall be that the declaration of the plaintiff be dismissed and court costs assessed against the plaintiff.” Thus, the remedy pursuant to statute was for the circuit court to dismiss the action and assess costs. Again, no writ of inquiry is allowed.
¶ 17. By holding that Magee had no right to a writ of inquiry, we do not infer that Magee has no potential remedy. Any claim for damages Magee may have suffered from CCB’s taking of his property could have been brought in a civil suit for conversion, or Magee (if he only desired return of his property) could have filed his own replevin action as CCB continued to maintain possession of his property.
¶ 18. Before concluding, we find it necessary to address Magee’s complaint throughout these proceedings that he was not properly noticed in the replevin action. A replevin complaint may be filed in any county where the defendant, the property, or some of the property may be found, and process may be issued to other counties. Miss.Code Ann. § 11-37-107. “The summons in replevin shall be executed by summoning the defendant as in other civil cases....” Miss.Code Ann. § 11-37-135. The complaint was filed in Covington County. Process was issued and purportedly served on Magee on July 17, 2008, noticing a hearing on August 1, 2008, in the county courthouse in Mendenhall, Simpson County, Mississippi. This was proper because a replevin action “shall be triable in termtime or in vacation and at such place as the court may direct.” Miss. Code Ann. § 11-37-139. Magee is correct that the information in the record appears to be insufficient to show process was properly made. There is not a complete, signed return showing proof of service as required by Mississippi Rule of Civil Procedure 4(f). The return also does not make clear who was served with process or whether the requirements of Mississippi Rule of Civil Procedure 4(d) were met. Regardless of these deficiencies, Magee appeared at the Simpson County Courthouse in Mendenhall on August 1, 2008. This is evidenced by a letter dated August 4, 2008, from CCB’s attorney to the judge. The letter informs the judge that a meeting was held on “Friday, August 1, 2008[,] in Simpson County,” in which Magee agreed to catch up his note and pay attorney’s fees within two weeks, or CCB would “ask for an order to pick up the two trucks and utility trailer.”
¶ 19. Although the circuit court reached the correct result — that it lacked jurisdiction to grant a writ of inquiry — it did so for the wrong reason. The circuit court reasoned that jurisdiction was lost when the case was transferred to justice court. However, a writ of inquiry for damages is not allowed by Mississippi’s replevin statutes under the facts of this case; thus, the *1059 circuit court’s jurisdiction was lost when the final order was entered in the replevin action. The replevin action concluded with the last order signed on June 28, 2009, and no appeal or further action was taken from that order. The circuit court had no jurisdiction to entertain Magee’s motion for a writ of inquiry. Likewise, this Court also lacks jurisdiction and must dismiss this appeal.
¶ 20. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND RUSSELL, JJ.

. The dissent’s opening paragraph states: "In my judgment, this constitutes a wrongful retention of Magee's property.” This conclusion assumes facts not in the record and is unnecessary to resolve this appeal. There has been no determination that CCB wrongfully retained the collateral for three years. To the contrary, the record shows that Magee, through his promissory note, agreed to relinquish possession of the collateral to CCB and pay attorney's fees and expenses if he was in default on the loan. It is undisputed Magee was in default on the loan when CCB instituted the replevin action. It appears that CCB was willing at all times to allow Magee to redeem the collateral if he caught up the note and paid CCB's legitimate collection expenses. Magee failed to do so, and CCB simply retained possession according to the security agreement. Moreover, the dissent draws this conclusion with no witnesses having testified, no admissions by CCB in any of its pleadings, no summary judgment, and no determination by the trial court that such retention was wrongful. Thus, the conclusion that CCB wrongfully retained the collateral for three years is not justified.