# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00783-SCT

*COVINGTON COUNTY BANK, A MISSISSIPPI BANKING CORPORATION*

*v.*

*EARNEST RAY MAGEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2014 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| TRIAL COURT ATTORNEYS: | A. REGNAL BLACKLEDGE |
| | GEORGE THOMAS SULLIVAN |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | A. REGNAL BLACKLEDGE |
| ATTORNEY FOR APPELLEE: | GEORGE THOMAS SULLIVAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 10/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Earnest Ray Magee sued Covington County Bank (CCB) for conversion after it seized collateral for a promissory note and later sold the property at auction. CCB moved under Mississippi Rule of Civil Procedure 12(b)(6) to dismiss, arguing (1) that the statute of limitations had expired; (2) that it had a contractual right to the property; and (3) that Magee's claim was barred by issue preclusion. The circuit judge denied CCB's motion and we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. CCB sought a writ of replevin to seize collateral when Magee failed to make payments on a promissory note.[1] A circuit judge granted replevin, and CCB took the property—two trucks and a trailer—in December 2008.[2] But on Magee's motion, the judge set aside his order and remanded the case to justice court to determine whether CCB should pay Magee's attorney fees.[3]

¶3. In justice court, Magee counterclaimed for damages above the court's jurisdictional limit, and the judge dismissed the case without prejudice.[4] Magee then moved for a writ of inquiry seeking damages in the circuit court.[5] The circuit judge initially ruled in Magee's favor, but CCB obtained relief from the judgment, and Magee appealed.[6] On September 25, 2012, the Mississippi Court of Appeals affirmed, finding that the circuit court lacked jurisdiction to consider Magee's motion for writ of inquiry.[7]

¶4. So, on August 30, 2013, Magee filed this conversion action against CCB. CCB moved to dismiss, arguing that the statute of limitations had run, that the promissory note

---

[1] *Magee v. Covington Cnty. Bank*, 119 So. 3d 1053, 1054 (Miss. Ct. App. 2012).

[2] *Id.* at 1054–55.

[3] *Id.* at 1055.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 1055–56.

[7] *Id.* at 1056–58.

2

gave CCB a contractual right to the property, and that the Court of Appeals' 2012 decision barred this claim through issue preclusion. CCB also requested attorney fees and costs. The circuit judge denied CCB's motion. CCB appealed, asserting the same issues it had presented to the circuit judge.

## ANALYSIS

¶5.    A motion to dismiss under Rule 12(b)(6) presents questions of law which we review de novo.[8] On a motion to dismiss, "the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim."[9] "Rule 12(b)(6) motions 'are decided on the face of the pleadings alone.'"[10] Here, looking to the face of the complaint, we cannot say that Magee's claims are time-barred, barred by issue preclusion, or that CCB had a contractual right to the property. So we affirm.

### I.    Statute of Limitations

---

[8] *City of Belmont v. Miss. State Tax Comm'n*, 860 So. 2d 289, 295 (Miss. 2003) (citing *Tucker v. Hinds Cty.*, 558 So. 2d 869, 872 (Miss.1990); *Lester Eng'g Co. v. Richland Water & Sewer Dist.*, 504 So. 2d 1185, 1187 (Miss. 1987); *UHS–Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc.*, 525 So. 2d 746, 754 (Miss. 1987)).

[9] *City of Belmont*, 860 So. 2d at 295 (citing *Brewer v. Burdette*, 768 So. 2d 920, 922 (Miss. 2000)); *Overstreet v. Merlos*, 570 So. 2d 1196, 1197 (Miss. 1990); *Grantham v. Miss. Dep't of Corr.*, 522 So. 2d 219, 220 (Miss. 1988); *Lester Eng'g Co.*, 504 So. 2d at 1187; *Stanton & Assocs., Inc. v. Bryant Constr. Co.*, 464 So. 2d 499, 505 (Miss. 1985)).

[10] *State v. Bayer Corp.*, 32 So. 3d 496, 502 (Miss. 2010) (quoting *Hartford Cas. Ins., Co. v. Halliburton Co.*, 826 So. 2d 1206, 1211 (Miss. 2001)).

¶6.     Mississippi Code Section 15-1-49's three-year statute of limitations applies to conversion claims.[11] That statute "begins to run when the cause of action accrues, and we have held that the 'cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.'"[12] And "[u]nder Section 15-1-49, 'the statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when there is a genuine dispute.'"[13]

¶7.     This Court has held that a conversion claim requires "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand."[14] "Thus, a conversion exists only when there is an 'intent to exercise dominion or control over goods which is inconsistent with the true owner's right.'"[15] And "there is no conversion until the title of the lawful owner is made known and resisted or the purchaser exercises dominion

---

[11] Miss. Code Ann. § 15-1-49 (Rev. 2012); *Anderson v. LaVere*, 136 So. 3d 404, 411 (Miss. 2014) (citing *Estate of Martin Luther King Jr., Inc. v. Ballou*, 856 F. Supp. 2d 860, 863 (S.D. Miss. 2012)).

[12] *Anderson*, 136 So. 3d at 411 (citing Miss. Code Ann. § 15-1-49; quoting *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (Miss. 2006)).

[13] *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quoting *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 167 (Miss. 1999)).

[14] *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1998) (quoting *Miss. Motor Fin., Inc. v. Thomas*, 246 Miss. 14, 149 So. 2d 20 (1963)).

[15] *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 69 (Miss. 2004) (quoting *First Inv'rs Corp. v. Rayner*, 738 So. 2d 228, 234-35 (Miss. 1999)).

4

over the property by use, sale, or otherwise."[16]  "Where one acquires possession of the property in a lawful manner . . . his refusal to relinquish possession or control over the property after a demand by [p]laintiff gives rise to the action."[17]

¶8.    For example, a conversion claim accrues the moment a thief steals a car, because the thief has no right to possess or use the car.  But where one loans a car to a friend, the friend's possession is lawful and would not give rise to a conversion claim unless, after some period of time, the friend refuses to return the car after demand.  Because the friend—or, more likely, ex-friend—would be exercising possession without any right to do so, the lawful possession transforms into a conversion.

¶9.    Indeed, in *Johnson v. White*, we explained the various ways conversion claims can accrue:

> The defendant Johnson had pleaded the statute of limitations that the cause of action had not accrued within three years, to which plaintiffs replied generally that the cause of action had accrued within three years.  The question is thus raised, When did the statute begin to run?  In trover the cause of action accrues by the conversion.  The doctrine is very clearly laid down in the authorities.  The finder of goods must convert them before he is liable, and demand will be evidence of conversion.  But when goods are tortiously taken, the statute of limitations begins to run from the taking, for the tortious act is of itself a conversion.  So an unlawful disposition of property rightfully in possession, is a conversion, and the statute begins to run from the time of such disposition.

---

[16] *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 773 (Miss. 2004) (quoting *Thomas*, 149 So. 2d at 20) (emphasis omitted).

[17] *Greenline Equip. Corp., Inc. v. Covington Cty. Bank*, 873 So. 2d 950, 958 (Miss. 2002) (quoting *Nat'l Benefit Adm'rs, Inc. v. Miss. Methodist Hosp. & Rehab. Ctr., Inc.*, 748 F. Supp. 459, 466 (S.D. Miss. 1990)) (emphasis omitted).

And it is immaterial whether the plaintiff knew of the conversion or not, if no fraud was practi[c]ed to prevent his knowledge.[18]

¶10. When a person steals property from another, a conversion claim accrues at the time when the property is stolen.[19] But where a person initially possesses property lawfully, the person must actually convert the property before he can be held liable for conversion.[20]

¶11. Here, Magee filed his conversion claim on August 30, 2013. Magee's complaint does not specify the date the conversion occurred. But he argued to the trial judge that "CCB did not convert the property until sometime after Friday of Labor Day Weekend in 2010 as the property was on the [b]ank[']s real estate adjacent to the [b]ank [b]uilding in Collins, Mississippi[,] up to the said time since it was originally placed there."[21]

¶12. At the hearing, Magee also argued that his claim may have accrued even later, on October 25, 2012, when CCB sold Magee's property at auction. CCB countered that Magee's conversion claim accrued at the latest in June 2009 when the circuit court signed an order setting aside CCB's original replevin action. The circuit court ultimately found that "the sale date of the property involved by Covington County Bank was Dec. 8, 2012, having been delivered to Martin & Martin Auctions on or about October 25, 2012 by Covington

---

[18] *Johnson v. White*, 21 Miss. 584, 588 (1850) (citing *Read v. Markle*, 3 Johns. Cas. 523, 526 (N.Y. Sup. Ct. 1808)).

[19] *Johnson*, 21 Miss. at 588.

[20] *Id.*

[21] In 2010, Labor Day fell on September 6.

County Bank to be auction[ed] off," and that "[p]laintiff's cause of action for conversion accrued on Dec. 8, 2012."

¶13.    Because CCB may have wrongfully possessed Magee's personal property when it moved it before Labor Day weekend in September 2010, or as the trial judge found, CCB may have wrongfully possessed Magee's property when it auctioned it off and sold it in December 2012, we cannot say—looking only to the face of Magee's complaint—that Magee's conversion claim is time-barred.  Said differently, the motion to dismiss was properly denied on this ground because the judge could not have found that there was no set of facts under which this complaint would be timely.[22]

¶14.    The dissent suggests that Magee's cause of action accrued when the circuit judge set aside the writ of replevin that CCB obtained to take possession of the property.  But the circuit judge did not adjudicate whether CCB had a right to the property when he set aside the writ.  Rather, the circuit judge set aside the writ based on insufficient service of process.[23]

## II.    Contractual Right to the Property

¶15.    CCB also argues that its motion to dismiss should have been granted because it has a contractual right to the property.  To establish that contractual right, CCB attached a copy

---

[22] ***City of Belmont***, 860 So. 2d at 295 (citing ***Brewer***, 768 So. 2d at 922; ***Overstreet***, 570 So. 2d at 1197; ***Grantham***, 522 So. 2d at 220; ***Lester Eng'g Co.***, 504 So. 2d at 1187; ***Stanton & Assocs., Inc.***, 464 So. 2d at 505).

[23] ***Magee***, 119 So. 3d at 1055 ("Magee's motion to set aside the replevin was filed on February 24, 2009. He argued that the replevin should be set aside for insufficient service of process.").

7

of the promissory note as an exhibit to its answer and motion to dismiss.  As stated above, "Rule 12(b)(6) motions 'are decided on the face of the pleadings alone.'"[24] This is because a motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint.[25] Neither the complaint, nor any exhibit to it,[26] establishes that CCB had a contractual right to the property.

¶16.    Certainly, under Rule 12(b)(6), the circuit judge could have considered the exhibit attached to the defendant's motion.[27]  But for the exhibit to have warranted a ruling in CCB's favor, the circuit judge would have to have (1) converted the motion to dismiss into one for summary judgment under Mississippi Rule of Civil Procedure 56; (2) provided notice that he was doing so; and (3) provided an opportunity to supplement the record.[28] No such notice appears in the record, and the circuit judge's order disposes of the motion as one under Rule 12 without any mention of the promissory note.

## III.    Issue Preclusion

---

[24] **Bayer Corp.**, 32 So. 3d at 502 (quoting **Hartford Cas. Ins., Co.**, 826 So. 2d at 1211).

[25] **Bayer Corp.**, 32 So. 3d at 502 (quoting **T.M. v. Noblitt**, 650 So. 2d 1340, 1345–46 (Miss. 1995)).

[26] Miss. Rule Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

[27] Miss. R. Civ. P. 12(b).

[28] **Bayer Corp.**, 32 So. 3d at 503–04 (citing **Wilbourn v. Equitable Life Assurance Soc'y**, 998 So. 2d 430 (Miss. 2008); **Sullivan v. Tullos**, 19 So. 3d 1271 (Miss. 2009)).

¶17.    Next, CCB contends that Magee's complaint should have been dismissed because his conversion claim is barred by issue preclusion. After CCB obtained a writ of replevin, seized the property, and the circuit judge set aside his order, Magee sought damages in the circuit court.[29] The circuit judge initially ruled in Magee's favor, but then set aside that judgment.[30] The Court of Appeals affirmed because the circuit court lacked jurisdiction to hear the case.[31]

¶18.    But in its opinion, in response to the dissent, the Court of Appeals stated that CCB had a right to the property under the promissory note.[32] CCB now argues that this statement by the Court of Appeals bars Magee's conversion claim. We disagree.

¶19.    Issue preclusion—or collateral estoppel—prevents litigation of "a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action."[33] In its opinion, the Court of Appeals did say that the promissory note gave CCB a right to the property if

---

[29] ***Magee***, 119 So. 3d at 1054–55.

[30] ***Id.***

[31] ***Id.*** at 1059.

[32] ***Id.*** at 1057 n.1.

[33] ***Dunaway v. W.H. Hopper & Assocs., Inc.***, 422 So. 2d 749, 751 (Miss. 1982) (citing ***Lee v. Wiley Buntin Adjuster, Inc.***, 204 So. 2d 479 (Miss. 1967); ***Lyle Cashion Co. v. McKendrick***, 227 Miss. 894, 87 So. 2d 289 (1956)).

9

Magee failed to make payments, and that the parties did not dispute that Magee had done so.[34] But that statement, in a footnote, was not "essential to the judgment in a former action."

¶20.    The issue before the Court of Appeals was the circuit court's jurisdiction, and it disposed of the case on that ground alone.[35] CCB's rights under the promissory note played no part in that analysis. Rather, the statement Magee cites came in response to the dissent and had no effect on the court's decision.

¶21.    Moreover, the court noted that "[b]y holding that Magee had no right to a writ of inquiry, we do not infer that Magee has no potential remedy. Any claim for damages Magee may have suffered from CCB's taking of his property could have been brought in a civil suit for conversion."[36] The court also stated that the record lacked sufficient evidence to consider whether CCB wrongfully seized Magee's property.[37]

¶22.    Because the court's statement was not "essential to the judgment in a former action," collateral estoppel cannot bar Magee's conversion claim.

### IV.    Attorney Fees and Costs

¶23.    Finally, CCB requested that the circuit court not only dismiss Magee's claims, but also award CCB attorney fees and costs because Magee's claim was frivolous. Because we find

---

[34] *Magee*, 119 So. 3d at 1057 n.1.

[35] *Id.* at 1056, 1059.

[36] *Id.*

[37] *Id.* at 1057 n.1.

that the circuit judge properly denied the motion to dismiss, we need not address CCB's request for sanctions.

## CONCLUSION

¶24. We cannot, from the face of the complaint, determine whether the statute of limitations ran on Magee's claim or whether CCB had a contractual right to the property. Further, collateral estoppel does not bar Magee's conversion claim. So the circuit judge properly denied CCB's motion to dismiss. And because dismissal was not proper, the circuit judge also properly denied CCB's request for sanctions. We affirm the Covington County Circuit Court's denial of CCB's motion to dismiss and remand the case for further proceedings.

¶25. **AFFIRMED AND REMANDED.**

**LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND RANDOLPH, P.J.**

**PIERCE, JUSTICE, DISSENTING:**

¶26. Respectfully, I dissent from the majority's finding that a question remains as to whether the statute of limitations had run on Earnest Ray Magee's conversion claim. In my opinion, based on the pleadings, Magee's cause of action for conversion accrued at the latest in June 2009. Magee had three years from that point in which to file his conversion claim. Having filed his conversion claim in August 2013, Magee was well outside the limitations period prescribed by Mississippi Code Section 15-1-49; therefore, Magee's conversion claim

11

is time-barred. Accordingly, I would reverse the trial court's dismissal of Covington County Bank's (CCB) motion to dismiss and render dismissal of the conversion suit, with prejudice, in favor CCB .

¶27. The majority is correct that this matter being at the Mississippi Rule of Civil Procedure 12(b)(6) motion stage of the proceedings, the court has only the face of the complaint to consider. But it is undisputed by the parties in this case that CCB took and retained possession of Magee's property between January and March 2009 as a result of a replevin action filed by CCB in July 2008 and granted in August 2008.

¶28. In February 2009, Magee filed a motion to set aside the replevin and obtained an order in June 2009, setting it aside. As the Court of Appeals recognized in *Magee v. Covington County Bank*, 119 So. 3d 1053, 1057 (Miss. 2013), this was the first action taken by Magee since the replevin was granted to CCB in August 2008, and this "was the functional equivalent of a motion for relief from judgment under Mississippi Rule of Civil Procedrue 60(b)(4)." The order granting the Rule 60(b)(4) motion was signed on June 23, 2009, and "[t]his was a final judgment from which an appeal could properly be taken." *Id*. No appeal was taken by either party. *Id*.

¶29. As one court has noted, "A cause of action for the conversion of property seized under a writ of replevin wrongfully sued out does not accrue until the custody of the law is terminated by a final judgment." *Hankins v. Waddell et al.*, 26 Tenn. App. 71, 167 S.W. 2d 694, 694 (1942) (citation omitted).

¶30. Here, a final judgment was entered on June 23, 2009. And any cause of action Magee potentially may have had with a claim of conversion accrued on that date or before. True, as the majority correctly points out, the trial court did not adjudicate whether CCB had a right to the property. But that a judgment was entered without an adjudication as to whether CCB had a right to the property is of no matter, in my opinion. The property indisputably was in CCB's possession at that point, and wrongfully so, according to Magee.

¶31. For these reasons, I respectfully dissent.

**WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.**