PIERCE, Justice,
dissenting:
¶ 26. Respectfully, I dissent from the majority’s finding that a question remains as to whether the statute of limitations had run on Earnest Ray Magee’s conversion claim. In my opinion, based on the plead-' ings, Magee’s cause of action for conversion accrued at the latest in June 2009. Magee had three years from that point in which to file his conversion claim. Having filed his conversion claim in August 2013, Magee was well outside the limitations period prescribed by Mississippi Code Section 15-1-49; therefore, Magee’s conversion claim is time-barred. Accordingly, I would reverse the trial court’s dismissal of Covington County Bank’s (CCB) motion to dismiss and render dismissal of the conversion suit, with prejudice, in favor CCB.
¶ 27. The majority is correct that this matter being at the Mississippi Rule of Civil Procedure 12(b)(6) motion stage of the proceedings, the court has only the face of the complaint to consider. But it is undisputed by the parties in this case that CCB took and retained possession of Ma-gee’s property between January and March 2009 as a result of a replevin action filed by CCB in July 2008 and granted in August 2008.
¶ 28. In February 2009, Magee filed a motion to set aside the replevin and obtained an order in June 2009, setting it aside. As the Court of Appeals recognized in Magee v. Covington County Bank, 119 So.3d 1053, 1057 (Miss.Ct.App.2012), this was the first action taken by Magee since the replevin was granted to CCB in August 2008, and this “was the functional equivalent of a motion for relief from judgment under Mississippi Rule of Civil Procedure 60(b)(4).” The order granting the Rule 60(b)(4) motion was signed on June 23, 2009, and “[t]his was a final judgment *833 from which an appeal could properly be taken.” Id. No appeal was taken by either party. Id.
¶ 29. As one court has noted, “A cause of action for the conversion of property seized under a writ of replevin wrongfully sued out does not accrue until the custody of the law is terminated by a final judgment.” Hankins v. Waddell et al., 26 Tenn.App. 71, 167 S.W.2d 694, 694 (1942) (citation omitted).
¶ 30. Here, a final judgment was entered on June 23, 2009. And any cause of action Magee potentially may have had with a claim of conversion accrued on that date or before. True, as the majority correctly points out, the trial court did not adjudicate whether CCB had a right to the property. But that a judgment was entered without an adjudication as to whether CCB had a right to the property is of no matter, in my opinion. The property indisputably was in CCB’s possession at that point, and wrongfully so, according to Ma-gee.
¶ 31. For these reasons, I respectfully dissent.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.