# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00547-SCT

*WATKINS & EAGER, PLLC*

*v.*

*RICHARD T. LAWRENCE*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2020 |
| TRIAL JUDGE: | HON. ADRIENNE ANNETT HOOPER-WOOTEN |
| TRIAL COURT ATTORNEYS: | JAMES ASHLEY OGDEN |
| | R. DAVID KAUFMAN |
| | M. PATRICK McDOWELL |
| | JACOB ARTHUR BRADLEY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | R. DAVID KAUFMAN |
| | M. PATRICK McDOWELL |
| | JACOB ARTHUR BRADLEY |
| ATTORNEY FOR APPELLEE: | JAMES ASHLEY OGDEN |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 10/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Watkins & Eager, PLLC ("Appellant"), brings an interlocutory appeal of the decision

of the Hinds County Circuit Court. Appellant argues that the circuit court erred by denying

the firm's motion to dismiss for failure to state a claim under Mississippi Rule of Civil

Procedure 12(b)(6). Appellant contends that the provisions at issue within its operating

agreement were structurally unambiguous and authorized the firm to terminate any member, including Richard Lawrence ("Appellee") for any reason whatsoever. Furthermore, the firm opposes Appellee's attempt to shoehorn a *McArn* exception into this dispute. *See McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 607 (Miss. 1993).

¶2.     Reviewing the complaint and the PLLC operating agreement central to the dispute, the Court holds that Appellee's breach-of-contract and wrongful-termination claims should be dismissed.  Appellee also pleaded twenty-eight separate additional claims that emanate from the same alleged breach resulting in Appellee's expulsion from the firm.  We find that Appellant exercised rights found in the agreement, which were not ambiguous. Accordingly, we find all claims within the complaint fail as a matter of law. We reverse and remand the case to the Hinds County Circuit Court to enter a judgment consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

¶3.     Appellee filed his original complaint in Hinds County Circuit Court on December 30, 2019. Appellant moved to dismiss the complaint for failure to state a claim. The trial court granted the motion and granted Appellee leave to amend his complaint. On March 16, 2020, Appellee filed an amended complaint alleging thirty claims: (1) breach of the PLLC Operating Agreement (2) wrongful termination (3) negligent acts of bad faith (4)  negligent interference with work; (5) malicious and intentional interference with employment; (6) negligently and intentionally acting in an unethical manner in attempt to poach clients; (7) general negligence; (8)  breach of good faith and fair dealing; (9) negligent and intentional acts in violation of the firm agreement; (10)   intentional interference with contractual

2

relations; (11) intentional interference of business relationships; (12) breach of fiduciary duty; (13) fraud and misrepresentation; (14) negligent infliction of emotional distress; (15) intentional infliction of emotional distress; (16) interference with an advantageous business situation; (17) property damage; (18) conversion and conspiracy to convert; (19) libel and defamation; (20) slander per se; (21) slander; (22) defamation of character; (23) harassment; (24) fraud in overbilling; (25) breach of fiduciary duty of loyalty; (26) breach of fiduciary duty of reasonable care; (27) breach of good faith by executive committee; (28) conspiracy (29) conspiracy to steal; (30) and embezzlement.

¶4.    Appellee is an attorney who has been licensed to practice law in the state of Mississippi since 1979. Appellee averred that he has garnered a reputation as a competent and honest attorney. Appellee averred that had he worked at Watkins and Eager for more than 40 years. Appellee averred that the firm only employed two African American attorneys from 2017 to 2019, which led him to report acts of discrimination. Appellee alleged that he was terminated and expelled without cause in December 2019. Appellee alleged he did not receive adequate notice of his termination and a chance to be heard. Appellee alleged his expulsion was based on reporting of illegal activities occurring within the firm. Appellee averred that he was acting as a whistleblower and was entitled to the same protections afforded to employees of businesses. *See **McArn v. Allied Bruce-Terminix Co., Inc.**, 626 So. 2d 603, 607 (Miss. 1993).

¶5.    On May 18, 2020, Appellant filed an answer denying Appellee's claims. Prior to filing their answer to the amended complaint, Appellant filed a motion to dismiss under Mississippi

3

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, which is the subject of this appeal. Appellant argued that Appellee failed to allege sufficient facts in his amended complaint that would support a cause of action against the firm. Appellant further urged that the wrongful termination claim failed as a matter of law because the Mississippi Supreme Court has never extended *McArn* outside of an employer-employee context.

¶6.    The circuit court held a hearing on the motion to dismiss. Subsequently, on May 8, 2020, the circuit court entered an order denying Appellant's motion to dismiss in full. The court found that "there are issues of ambiguity in the operating agreement" and "there were a number of [other] issues that the Court sees needs to be fleshed out."

¶7.    Appellant petitioned for interlocutory appeal, appealing the circuit court's determination. A panel of this Court granted the petition on July 23, 2020.[1]

## STANDARD OF REVIEW

¶8.    A motion to dismiss for failure to state a claim upon which relief can be granted raises an issue of law, which is reviewed de novo. ***Jourdan River Ests., LLC v. Favre***, 212 So. 3d 800, 802 (Miss. 2015).

## ANALYSIS

**I.    As a matter of law, Appellee fails to state a claim for breach of contract.**

¶9.    This Court has held that a plaintiff asserting any breach-of-contract claim has the

---

[1]The petition was granted by a unanimous panel of the Court: Presiding Justice Kitchens and Justices Maxwell and Beam.

4

burden to establish: (1) "the existence of a valid and binding contract," and (2) a showing "that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)). A breach is material when there is "a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as *substantially* defeats [the purpose of the contract]." *Ferrara v. Walters*, 919 So. 2d 876, 886 (Miss. 2005) (emphasis added) (quoting *Gulf S. Cap. Corp. v. Brown*, 183 So. 2d 802, 805 (Miss. 1966)).

¶10. We begin by examining the text of the agreement governing the relationship between the two parties. At issue is the 1996 Watkins & Eager PLLC Agreement and the 2008 Amended Agreement. The agreement provides for hearings with notice. The agreement directs meetings are to be held in this manner: "All meetings shall be held at such time and place, within or without the state of Mississippi, as shall be stated in the notice of the meeting or in a duly executed waiver of notice thereof."

¶11. Article 4.12 defines an action without meeting:

> Any Action required by the act to be taken at the meeting of the Members, or any action which may be taken at the meeting of the members, may be taken without a meeting, without prior notice, and without vote, if a consent or consents in writing, setting forth the actions so taken, shall be signed by sufficient members to approve the action taken and such consent shall have the same force and effect as a vote of the required number of members.

Further, the expulsion resolution, containing the requisite written consent, was attached to the complaint.

5

¶12.    Here, this Court holds that the amended PLLC agreement is a valid and binding contract. "In Mississippi, 'an LLC operating agreement is a contract' and should be interpreted according to contract law." *Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC*, 119 So. 3d 338, 341-42 (Miss. Ct. App. 2012) (quoting *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 159 (Miss. 2011)). Appellant maintains that the above provisions allowed them to terminate Appellee for any reason or no reason at all without an official meeting. Additionally, Appellant further argues that Article 4.12 is unambiguous on its face as a matter of law. Appellee asks the court to ignore that provision and points to other specific provisions within Article 4, which he argues create ambiguity and negate application of Section 4.12. In short, Appellee claims Section 4.12 is in direct violation of Article IV, Section 4.03, "Place and Manner of Meeting," Article IV Section 4.07, and Article IV, Section 4.08, which require notice of all meetings. Therefore, the circuit court was required to consider whether Article IV of the PLLC operating agreement was ambiguous vel non.

¶13.    "It is a question of law for the court to determine whether a contract is ambiguous and, if not, enforce the contract as written." *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 751 (Miss. 2003) (citing *Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc.*, 753 So. 2d 1077, 1087 (Miss. 2000) (citing *Universal Underwriters Ins. Co. v. Ford*, 734 So. 2d 173, 176 (Miss. 1999)). "If the terms of the contract are subject to more than one reasonable interpretation, it is a question properly submitted to the jury." *Id.* at 752. "The mere fact that the parties disagree about the meaning of a provision of a contract

6

does not make the contract ambiguous as a matter of law." ***Delta Pride Catfish, Inc. v. Home Ins. Co.***, 697 So. 2d 400, 404 (Miss. 1997) (quoting ***Cherry v. Anthony, Gibbs, Sage***, 501 So. 2d 416, 419 (Miss. 1987)).

¶14.    Here, the language of the 1996 PLLC agreement and the 2008 modification are clear and understandable. This Court finds the contracts to be unambiguous.  Without question, the provision at issue clearly and unambiguously reads that action can be taken in the absence of a meeting. Any action without meeting must be signed by sufficient members, and Appellant is within its rights to do so under the terms of the agreement. The agreement also provides that Appellant reserved the right to expel a member by a vote of the other members. Appellee characterizes Section 4.12 of the operating agreement as a sinister "dark operations clause," which allows members to circumvent the LLC agreement's obligations. Yet he fails to provide any legal authority to support his claim that the clause is void or voidable in his brief.   Mere disliking of the operating agreement  does not provide him with the right to avoid its application.

¶15.    Such provisions excepting in-person meetings are commonplace in limited-liability companies and corporations. *See* Miss. Code Ann. § 79-4-7.04 (Rev. 2013). At the corporate level, as provided by state law, directors and shareholders can take action by written consent without notice. *Id.* ***Epperson v. SOUTHBank*** instructs that a contract is only ambiguous when a "reasonably intelligent person who has examined the content of the entire integrated agreement and who is cognizant of the customs, practices, and usages, and terminology as generally understood in a particular trade or business" can derive two reasonable

interpretations of the same clause. *Epperson v. SOUTHBank*, 93 So. 3d 10, 19 (Miss. 2012) (citing *Dalton v. Cellular S., Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009)). In the case at bar, it is undisputed that Appellee had been a member of the limited-liability organization and had agreed to be bound by all provisions for years. Appellee has been a practicing attorney since 1979. Clearly, a person with his training, expertise, and reputation and cognizant of the customs, practices, usages, and terminology of limited-liability companies would know that "actions without meeting" provisions are commonplace and actions via written consent occur. There are no other reasonable ways to interpret these provisions. Dislike for the resulting action taken when these provisions were utilized offers no fodder for a cause of action. There is only one reasonable meaning of these provisions; thus, they may be enforced, and courts should not interfere and hold otherwise.

**II.     As a matter of law, Appellee fails to establish a *McArn* wrongful termination claim.**

¶16.    Appellee fails to qualify as an employee. *See McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 607 (Miss. 1993). Provision 11.02 of the 1996 PLLC Operating Agreement titled "Expulsion" reads as follows:

> Upon the vote of a Super Majority of the members and of a required interest, any **Equity Member**  may be immediately expelled from the company. Immediately following such expulsion, the Company shall purchase and the expelled Equity Member shall sell his membership interest, effective as of the date of such Equity Member's expulsion, for the purchase price and upon the terms hereinafter set forth in Section 11.05 of the Agreement.

(Emphasis added.)

¶17.    The Appellant cites *Bluewater Logistics, LLC. v. Williford* to frame its argument that

8

an employee-employer relationship did not exist in Appellee's case. In **Williford,** an ousted limited-liability company member brought an action against remaining members, requesting that he be allowed to remain a member of the LLC. **Bluewater Logistics, LLC, v. Williford**, 55 So. 3d 148, 151 (Miss. 2011). The Court noted that every member of an LLC is an agent for the purpose of conducting its business and affairs. **Id.** at 162. Furthermore, the Court found that LLC members cannot be fired as if they were employees; the only removal method for members is formal action pursuant to the operating agreement. **Id.**

¶18.    Moreover, no cases permit the expansion of **McArn** to members of a PLLC. Broadening the benefits of **McArn** to expand to all disregards the class of individuals the original cause of action intended to protect. Appellant points that out by comparing and contrasting the markedly different relationship between employer-employee and member-company. "The judgmental and sensitive decisions that must be made among the parties embrace a wide range of subjects. The essence of the law partnership is the common conduct of a shared enterprise." **Hishon v. King & Spalding**, 467 U.S. 69, 79-80, 104 S. Ct. 2229, 2236, 81 L. Ed. 2d 59 (1984) (Powell, J., concurring) (footnote omitted).

¶19.    Research reveals that no decisions from this Court apply **McArn** to equity members in any limited-liability organization or extend **McArn** to include other types of employment relationships. In **Cook v. Wallot,** 172 So. 3d 788 (Miss. Ct. App. 2013), Cook was discharged from Military Order of the Purple Heart, a congressionally chartered corporation that provides assistance for wounded veterans. **Id.** Cook asked that the **McArn** public policy exception apply to service organizations because his "actions [were] analogous to the actions

of shareholders and employees that expose criminal activities." *Id.* at 797. The Court of Appeals declined his plea and noted that the exception would have to be expanded by the Mississippi Supreme Court. *Id.* Today, we decline to expand *McArn*. There are stark differences between an employee-employer relationship and the member-company relationship of a PLLC. [2]

---

[2]The remaining claims related to the contract largely depend on whether the PLLC operating agreement was breached. A party does not breach the implied covenant of good faith and fair dealing when the party "took only those actions which were duly authorized by the contract." *Martindale*, 119 So. 3d at 345. When an express provision of the contract lists the fiduciary duties, Lawrence must establish a breach of the operating agreement to claim a breach of fiduciary duties. *Phillips Brothers v. Winstead*, 129 So. 3d 906, 924 (Miss. 2014). This Court has held that the PLLC agreement has not been breached; thus, the above rules are pertinent. The remaining complained-of wrongs are without merit and require no further consideration from this Court. Assuming the amended complaint alleged an actionable breach of the PLLC Agreement, which it does not, "the breach of a contract (whether described as 'negligent' or not) is not actionable in tort under an ordinary negligence theory unless breaching the contract also breached a duty of care recognized by tort law." *Clausell v. Bourque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015). Appellee alleges no duty independent of the PLLC agreement. Under settled law "[a] party to a contract cannot be liable for tortuous interference with the same contract." *Rex Distrib. Co. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 450 (Miss. 2019) (quoting *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So. 2d 1093, 1098 (Miss. 2005)). Because the amended complaint fails to state a negligence claim upon which relief can be granted, it necessarily fails to state a claim for negligent infliction of emotional distress. *See Blake v. Wilson*, 962 So. 2d 705, 715 (Miss. Ct. App. 2007). A party's legitimate exercise of contractual rights cannot, as a matter of law, give rise to a claim of intentional infliction of emotional distress. *Crosthwait Equip. Co., Inc. v. John Deere Co.*, 992 F. 2d 525, 529 (5th Cir. 1993). Intra-company statements are not actionable for defamation "if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." *Phillips Brothers*, 129 So. 3d at 929 (quoting *Young v. Jackson*, 572 So. 2d 378, 383 (Miss. 1990)). Members of the PLLC have direct interest in Appellee's behavior. A fraud claim requires that defendant made misrepresentation to the plaintiff, not to some third person. *Allen v. Mac Tools*, 671 So. 2d 636, 642 (Miss. 1996). The PLLC agreement specifically allows members to vote without a meeting and notice. In other words, a secret vote was and still is permissible. A conversion claim requires "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the true owner's right, or an unauthorized and injurious use, or of a wrongful detention after demand." *Covington*

## CONCLUSION

¶20.    This Court holds that the PLLC agreement unambiguously allows member expulsion without cause in writing, Lawrence is an equity member not qualified to seek protection under a *McArn* exception, and the remaining twenty-eight claims dependent upon a breach of the operating agreement fail as a matter of law. We reverse  the circuit court's order denying the motion to dismiss for failure to state a claim and remand the case to Hinds County Circuit Court for entry of an order consistent with this opinion.

¶21.    **REVERSED AND REMANDED.**

    **KING, P.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., AND COLEMAN, J., NOT PARTICIPATING.**

---

*Cnty. Bank v. Magee*, 177 So. 3d 826, 829 (Miss. 2015) (quoting *Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 149 (Miss.1998)). Lawrence's equity membership was subject to expulsion and repurchase provisions. As for the Mississippi Code  Ann Section 97 criminal charges of conspiracy, conspiracy to steal, and embezzlement, Appellee is attempting to bootstrap *McArn* by listing illegal conduct. Since Appellee fails to qualify as an employee for *McArn* consideration, these charges have not been considered by this Court. *See Hammons v. Fleetwood Homes of Miss., Inc.*, 907 So. 2d 357, 360 (Miss. Ct. App. 2004) (recognizing *McArn* has not been extended by the Mississippi Supreme Court).